# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00007-KDB-DSC-1

UNITED STATES OF AMERICA,

v.

CONNIE SNOW FRANKLIN,

Defendant.

**ORDER**

**THIS MATTER** is before the Court on Defendant Connie Snow Franklin's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 27). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion after exhaustion of her administrative remedies.

## I. BACKGROUND

In 2018, Defendant pled guilty to one count of bank fraud and one count of filing false tax returns. (Doc. No. 2). She was sentenced to 57 months imprisonment plus three years of supervised release and restitution of $2,020,988.82. (Doc. No. 21).

Defendant is a 60-year-old female confined at Alderson FCP, a minimum-security federal prison camp in West Virginia, with a projected release date of June 17, 2022. Defendant seeks a reduction in her sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). She claims she suffers from COPD, asthma, high blood pressure and is obese. (Doc. No. 27, at 1). According to her Presentence Report, she reported that she suffers from hyperlipidemia, hypokalemia, obstructive sleep apnea syndrome, migraines, hypertensive disorder, chronic

obstructive lung disease, and gastroesophageal reflux disease. (Doc. No. 18, ¶ 44). Defendant has provided medical information which indicates she does suffer from the above delineated medical problems as listed in the Presentence Report for which she is taking medicines for said conditions. (Doc. No. 28).

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where

pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted her remedies as required under 18 U.S.C. § 3852(c)(1)(A). Defendant requested compassionate release from the warden on July 29, 2020. While she attaches a denial of her request for compassionate release from the warden dated August 13, 2020, she has not exhausted all administrative appeals of the warden's adverse decision that are available to her within the BOP.

According to the BOP's website, Alderson FCP currently has 3 inmates and no staff with confirmed active cases of COVID-19. There are approximately 1,000 inmates at Alderson FCP. There have been no inmate nor staff deaths and no inmates have recovered and no staff have recovered. Given this information, the Court finds that Defendant has not met her burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few positive cases at Alderson FCP, requiring Defendant to exhaust her administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at Alderson FCP

are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at Alderson FCP. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic, given her health conditions. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at *1 (E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's motion without prejudice to a renewed motion once she has appropriately exhausted her administrative remedies.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release (Doc. No. 27), is **DENIED** without prejudice to a renewed motion after exhaustion of her administrative remedies.

**SO ORDERED.**

Signed: October 14, 2020

Kenneth D. Bell
United States District Judge